UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

---

IRON WORKERS LOCAL NO. 8 WELFARE FUND,
UNION INDIVIDUAL ACCOUNT RETIREMENT FUND,
and MIKE HENKE and TONY MAYRHOFER,
in their capacity as Trustees of the Funds,

      Plaintiffs,

vs.                                                 Case No. _____

COXSEE BUILDERS, LLC,

      Defendant.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs Iron Workers Local No. 8 Welfare Fund and Union Individual Account Retirement Fund (hereinafter referred to as "Funds"), and Mike Henke and Tony Mayrhofer, in their capacity as Trustees of the Funds, by their attorneys, Reinhart Boerner Van Deuren, s.c., by Philip R. O'Brien and Malinda J. Eskra, and as for a cause of action against the Defendant, allege and show to the Court the following:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.      Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185 (a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit timely contributions in accordance with the terms of those plans and agreements, thereby

violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act of 1980, the terms and provisions of the employee benefit plans, Section 301 of the Labor-Management Relations Act of 1947, federal common law and the laws of the State of Wisconsin.

2. Plaintiffs Iron Workers Local No. 8 Welfare Fund and Union Individual Account Retirement Fund are employee benefit plans within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(2), (3) and (37), 1132 and 1145) and/or Section 301 of the Labor-Management Relations Act of 1947, and bring this action on behalf of the Trustees, participants and beneficiaries of said Funds. Said Funds maintain offices at 12034 West Adler Lane, Milwaukee, Wisconsin 53214.

3. Plaintiffs Mike Henke and Tony Mayrhofer are trustees and fiduciaries of the Funds, as well as participants and beneficiaries within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002 et seq.) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

4. Defendant Coxsee Builders, LLC, is a domestic limited liability corporation organized to do business in the State of Wisconsin, with principal offices located at 230 North Military Road, Dane, Wisconsin 53529-9602. The corporation's registered agent for service of process is Joseph Cox, 230 North Military Road, Dane, Wisconsin 53529-9602.

5. Defendant Coxsee Builders is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of

the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*).

6. For all times relevant, Defendant Coxsee Builders was a party to and agreed to abide by the terms of the Agreement Between International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local Union No. 8 Milwaukee, Wisconsin and Individual Employers, originally signed by Local 8 and Coxsee Builders on November 14, 2015, which remains in effect to the present. Iron Workers Local Union No. 8 is a labor organization which represents, for purposes of collective bargaining, certain employees of Defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, *et seq.*). A copy of the original signature page and operative collective bargaining agreements are attached hereto as **Exhibits A-D**.

7. The executed collective bargaining agreement described herein contains provisions (Sections 19.3 and 19.4) whereby Defendant Coxsee Builders agreed to make timely payments to the Plaintiff trust funds for each employee covered by said agreement. By execution of said collective bargaining agreement, Defendant adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust

agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

8. By virtue of executing the collective bargaining agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Defendant Coxsee Builders has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned labor agreement;

    b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted; and

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent and/or late-paid contributions, and actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions and/or interest and/or liquidated damages.

9. Defendant Coxsee Builders has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreement and trust agreements by, although not necessarily limited to, the following:

4

  a.  failing to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreement and trust agreements for all of Coxsee Builders' covered employees; and

  b.  failing to accurately report employee work status to the Funds.

10.  Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> (2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
>  (A)  the unpaid contributions,
>
>  (B)  interest on the unpaid contributions,
>
>  (C)  an amount equal to the greater of --
>
>   (i)  interest on the unpaid contributions, or
>   (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
>  (D)  reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
>  (E)  such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

11.  Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the

extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

12. The Delinquency Collection Procedure, incorporated into the Funds' Trust Agreements, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

13. Pursuant to the Delinquency Collection Procedure, the Fund Trustees have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be obligated to pay liquidated damages in an amount equal to 5% of the amount of contributions owed on the Due Date, and said Liquidated damages will increase by 5% for each whole or partial month thereafter for which the contribution remains outstanding (to a maximum of 20% of the delinquent contribution); interest on the unpaid contributions from the Due Date at 18% per annum (1.5% per month); and all costs of recovery, including, but not limited to, attorney's fees and costs of the action. Copies of the Delinquency Collection Procedure are attached hereto as **Exhibit E**.

14. Despite demands that Defendant Coxsee Builders perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected and omitted and refused to make those payments on a timely basis. As a result, Defendant Coxsee Builders is now indebted to the Plaintiff Funds for contributions, interest and liquidated damages for the work months of January 2016 through December 2018, as follows (attached hereto as **Exhibit F**):

| | |
|---|---|
| Delinquent Contributions | $ 28,816.50 |
| Interest | $ 8,885.23 |
| Liquidated Damage Assessments | $ 22,296.53 |
| TOTAL BENEFITS OWED | $ 59,998.56 |

15.     Despite demands that Defendant Coxsee Builders perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected and omitted and refused to make payments to the Funds on a timely basis for the work months of January 2019 through July 2019. As a result, Defendant Coxsee Builders is now indebted to the Plaintiff Funds for contributions for those work months in an amount to be determined, plus assessment of interest and liquidated damages to date for untimely payment of contributions.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT COXSEE BUILDERS: VIOLATION OF ERISA SECTION 515

16.     As and for a first claim for relief against Defendant Coxsee Builders, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17.     Due demand has been made upon the Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18.     Because, as Plaintiffs are informed and believe, Defendant Coxsee Builders has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is

curtailed. Consequently, ERISA and Plaintiff Funds' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

19. As a result of Defendant Coxsee Builders' failure to timely make its contributions payable for the work months of January 2016 through December 2018, as well as January 2019 through July 2019, as noted in paragraphs 14 and 15 above, to the Funds in accordance with the collective bargaining agreements, the Defendant has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT COXSEE BUILDERS: BREACH OF TRUST AGREEMENT RULES (BENEFIT DELINQUENCY)

20. As and for a second claim for relief against Defendant Coxsee Builders, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 19 above and incorporates the same as though fully set forth herein word for word.

21. Defendant Coxsee Builders is a party to and bound by the Funds' Trust Agreements. The Delinquency Collection Procedures, incorporated into the Trust Agreements, obligates the Defendant to make timely contribution payments to the Funds as required by the collective bargaining agreement. The Delinquency Collection Procedures of the Trust Agreements authorize the Trustees to establish rules and regulations establishing reasonable interest and liquidated damages to be added to delinquent contributions. The Delinquency Collection Procedures of the Trust Agreements further provide that the Trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

22. Pursuant to the Delinquency Collection Procedures of the Trust Agreements, the Funds' Trustees have prescribed rules governing delinquencies, which

provide that the Funds' recovery rights include recovery of all costs and reasonable attorneys' fees.

23.  As a result of its failure to make timely contributions in accordance with the collective bargaining agreement, Defendant Coxsee Builders has violated the terms of the Trust Agreements. Based upon the Trust Agreements' and the Funds' delinquency rules, the Defendant is liable to the Funds for delinquent contributions, interest, liquidated damages, and the expenses of collection incurred by the Funds, including reasonable attorneys' fees and costs.

24.  Because the Defendant Coxsee Builders has failed to make timely and prompt contributions in the amounts set forth in paragraph 14 and the additional amounts that may be determined as described in paragraph 15 above, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT COXSEE BUILDERS: BREACH OF TRUST AGREEMENT RULES (AUDIT)

25.  As for a third claim of relief against Defendant Coxsee Builders, the Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 24 above and incorporate the same as though fully set forth herein word for word.

26.  Due demand has been made upon Coxsee Builders for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

9

27. Because, as the Funds are informed and believe, Coxsee Builders has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Funds' trust funds are reduced, their income is reduced, and their ability to pay benefits to qualified participants and beneficiaries are curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the plaintiff Funds are entitled to all of the remedies provided by ERISA and paragraph 8 of the respective Delinquency Collection Procedures.

28. Because Coxsee Builders has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

29. The Funds fear that Coxsee Builders could be disposing of assets and diverting them to the benefit of other creditors who are not protected by the trust created by federal common law, to the prejudice of the plaintiffs, and could also be losing substantial amounts of money. This would make a money judgment a nullity, and as such would be an inadequate remedy at law.

30. Due demand has been made upon Coxsee Builders for access to its books and records to perform an audit by its professional auditors in order to determine the amounts due and owing the Funds for the period January 2019 to the present, but said defendant has ignored all said requests.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant:

    A. For contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds from January 2016 through December 2018 in the amount of $59,998.56 pursuant to ERISA and the terms of the Trust Agreements and the applicable Fund delinquency rules;

    B. For any additional amount of contributions, interest and liquidated damages found to be due and owing for the work months of January 2019 through July 2019, inclusive;

    C. For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the Trust Agreements and the applicable Fund delinquency rules; and

    D. For unpaid contributions, variances, interest and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

2. For an order requiring Defendant Coxsee Builders to submit to an audit of its books and records in accordance with the terms of the collective bargaining agreement and the Trust Agreements to determine the amounts presently due the Plaintiff Funds.

3. The Court should retain jurisdiction pending compliance with its orders.

4. For such other, further or different relief as the Court deems just and proper.

Dated this 4th day of September, 2019.

/s/ Philip R. O'Brien
PHILIP R. O'BRIEN (SBN 1015549)
MALINDA J. ESKRA (SBN 1064353)
Attorneys for Plaintiffs
Reinhart Boerner Van Deuren, s.c.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
414-298-1000 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com
meskra@reinhartlaw.com