UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IRON WORKERS LOCAL NO. 8 WELFARE FUND,
UNION INDIVIDUAL ACCOUNT RETIREMENT FUND,
MIKE HENKE, and TONY MAYRHOFER,

          Plaintiffs,

  v.                                Case No. 19-cv-1286-pp

COXSEE BUILDERS LLC,

          Defendant.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 6-1) AND DISMISSING CASE

---

On September 4, 2019, the plaintiffs filed a complaint against Coxsee Builders, LLC, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1002; and the Labor Management Relations Act of 1947, 29 U.S.C. § 151. Dkt. No. 1. The plaintiffs requested entry of default on October 11, 2019, dkt. no. 5, and the clerk entered default that day. On November 7, 2019, the plaintiffs filed a notice of motion for default judgment, dkt. no. 6, along with a motion, a declaration and an affidavit in support of their request for interest, damages, and reasonable attorney fees, dkt. nos. 6-1, 6-2, 6-3. To date, the defendant has not appeared. The court will grant the motion.

1

## I. ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on September 4, 2019. Dkt. No. 1. On September 18, 2019, the plaintiffs filed an affidavit of service. Dkt. No. 3. The affidavit indicated that Angela Minotte, a licensed investigator, served Joseph Cox on September 6, 2019. Id. The Wisconsin Department of Financial Institutions' website indicates that Joseph Cox is the registered agent for the defendant. https://www.wdfi.org. The defendant's answer was due within twenty-one days of that date—in this case, by September 27, 2019. Fed. R. Civ. P. 12(a).

## II. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages

2

are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that defendant Coxsee Builders, LLC violated ERISA by failing to make timely and prompt contributions on behalf of employees to the plaintiff funds, and by breaching the trust agreement. Dkt. No. 1 at 7. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2).

The motion for default judgment, supporting declaration and affidavit contain an accounting of plaintiffs' damages and attorney's fees and costs. The plaintiffs' attorney submitted itemized attorney's fees in the amount of $3,318, dkt. no. 6-3 at 4, and itemized costs in the amount of $476.45, dkt. no. 6-3 at 6. Counsel also filed a declaration from the plaintiffs' administrative manager, with supporting documentation, attesting to liquidated damages of $15,115.54

3

and interest of $8,210.40 for the period February 15, 2018, through October 15, 2019. Dkt. No. 6-2 at 74.

### III. CONCLUSION

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 6-1.

The court **FINDS** that the defendant owes the plaintiffs $15,115.54 for liquidated damages and $8,210.40 for interest. In addition, the court **APPROVES** an award of $3,318 for attorney's fees and $476.45 for costs. The amount of damages, interest, attorney's fees and costs totals $27,120.39.

The court **ORDERS** that default judgment shall enter in favor of the plaintiffs and against the defendant in the amount of $27,120.39.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**